| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, COLORADO<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109 | |
| Plaintiff(s): GERALD H. PHIPPS, INC. d/b/a GH PHIPPS CONSTRUCTION COMPANY, a Colorado corporation. | ▲ COURT USE ONLY ▲ |
| Defendant(s): TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation. | |
| ATTORNEYS FOR PLAINTIFFS:<br><br>HOLLEY, ALBERTSON & POLK, P.C.<br>Dennis B. Polk, #8777<br>Heather S. Hodgson, #33183<br>1667 Cole Boulevard, Suite 100<br>Lakewood, Colorado 80401<br>Telephone: (303) 233-7838<br>Fax: (303) 233-2860<br>E-mail: eet@haplaw.net | Case Number:<br><br>Div.: |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Gerald H. Phipps d/b/a GH Phipps Construction Company ("GHP"), by and through its attorneys, HOLLEY, ALBERTSON & POLK, P.C., and as and for a Complaint and Jury Demand against the Defendant, states, alleges and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff GHP is a Colorado corporation in good standing with the Colorado Secretary of State, with its principal place of business located in the County of Arapahoe, State of Colorado.

2. Defendant Travelers Property Casualty Company of America ("Travelers") is a Connecticut corporation in good standing with the Connecticut Secretary of State.

3. This Court has jurisdiction over the parties and subject matter of this dispute.

4. Venue is proper in the County of Douglas pursuant to C.R.C.P. 98 because Defendant Travelers is a nonresident of the State of Colorado. C.R.C.P. (c)(1).



EXHIBIT 1

## GENERAL ALLEGATIONS

5. Plaintiff GHP is a general contractor conducting business in the State of Colorado.

6. On or about December 14, 2011 GHP entered into a contract with Colorado Seminary, a Colorado Non-Profit Corporation which owns and operates the University of Denver ("University"), to perform certain construction services and renovations at the University ("Project").

7. While GHP was in the process of installing a new roofing system, and following five (5) months of construction activities that included asbestos abatement, the Denver area received approximately five (5) inches of snow over the course of two days.

8. Immediately following the snow event, the temperature rose rapidly, causing rapid snow melt.

9. Despite GHP's best efforts to prevent it, some of the snow melt from the roof entered four stairwell shafts and two elevator shafts of the building, causing significant damage.

10. Such damage included, *inter alia*, damage to the stairwells and elevator shafts.

11. At the time of the loss, Plaintiff was insured under a Builder's Risk Policy of Insurance, issued by Defendant Travelers Property Casualty Company of America ("Travelers"), with a policy number of QTJ660-3978B698 and a policy period of 10/1/11 to 10/11/12.

12. In an effort to mitigate the loss and damage to the Project, GHP made the necessary repairs.

13. On or about April 17, 2012 GHP tendered a claim to Travelers for the loss pursuant to the terms of the Policy ("Claim").

14. Travelers denied the Claim by letter dated April 23, 2012, finding the Policy did not provide coverage for the loss.

15. GHP's requests that Travelers reconsider its denial of coverage were similarly denied.

16. GHP has complied with all of its duties and obligations under the terms of the Policy, and has complied with all requirements prior to commencement of this Claim.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

17. GHP incorporates, by this reference, paragraphs 1 through 15 as if set forth verbatim.

18. Travelers issued a policy of insurance to GHP.

19. Despite prior demand for coverage for a covered loss, Travelers has failed or refused to provide coverage for the loss, and has otherwise failed or refused perform under the terms and provisions of the insurance policy.

20. Travelers has breached its contract with GHP.

21. As a direct and proximate result of Travelers' breach of its agreement with GHP, GHP has and continues to suffer damages.

WHEREFORE, GHP prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
(Insurance Bad Faith)

22. GHP incorporates, by this reference paragraphs 1 through 20, as if set forth verbatim.

23. Pursuant to the terms and provisions of C.R.S. § 10-1-102(7), a policy of insurance is a contract providing indemnity or payment of a specified benefit when a loss occurs as described in the policy.

24. The Policy at issue is an insurance policy pursuant to C.R.S. § 10-1-102(7).

25. The Policy contains covenants of defense and indemnity against liability obligations covered under the terms and provisions of the Policy.

26. Under these covenants of defense and indemnity, Travelers was obligated to furnish services including, but not limited to, evaluation of insurable potential liability and legal services as required under the terms and provisions of the Policy.

27. Travelers owed a duty to GHP, as Travelers' insured under the Policy, to deal with GHP fairly and in good faith.

28. Travelers breached that duty by, among other things, each of the following acts:

    a.    unreasonably failing to pay the Claim;

    b.    unreasonably failing to properly construe the Policy;

c. unreasonably failing to make payment in a reasonable and timely manner;

d. unreasonably failing to settle the Claim or contribute in proportion to its obligations under the terms and provisions of the Policy toward resolution of the Pending Claim;

e. failing to act reasonably in the adjustment and resolution of the Claim, when Travelers was aware or should have been aware of its negligence;

f. failing to adopt and comply with reasonable standards in connection with the investigation, resolution and adjustment of the Claim;

g. unreasonably denying or failing to affirm coverage for the Claim within a reasonable time after investigation;

h. unreasonably failing to make payment or repay GHP within a reasonable time for the settlement of the Claim;

i. continuously and without basis, other than pretext, unreasonably disputing matters for which there was a clear obligation of defense, payment and/or indemnity of the Claim under the terms of the Policy;

j. unreasonably and in violation of the terms and provisions of the Policy asserting a right to deny coverage based upon erroneous pre-textual determinations with regard to Travelers' coverage obligations for the Claim;

k. unreasonably failing to promptly, properly or adequately provide its insured with reasonable explanations for Travelers' assertions and failing to make payment in accordance with the terms of the Policy;

l. creating artifices, pre-textual decisions, and otherwise engaging in a course of conduct designed and calculated to delay reasonable and appropriate resolution of the Claim;

m. unreasonably engaging in a course of conduct designed to hamper, delay, thwart and prevent the timely, reasonable or proper resolution of the Claim;

29. The failure of Travelers to properly provide coverage for the Claim has the potential to cause harm, damage or injury to GHP in connection with other claims.

30. Upon information and belief, Travelers has undertaken this improper course of action and conduct that is not reasonably related to the terms of the Policy or the laws of the State of Colorado, but instead is based upon a national policy by insurers to avoid, delay or prevent the meaningful, prompt and reasonable resolution of claims similar to the Claim.

31. As a direct and proximate result of Travelers' breach of its duty of good faith, GHP has suffered injuries and damages in an amount to be proven at trial, including but not limited to loss of use of funds, annoyance, inconvenience, emotional distress, attorney fees, costs, expenses and other amount related to the resolution, settlement and payment of the Claim, and other damages.

### THIRD CLAIM FOR RELIEF
(Statutory Damages for Insurance Bad Faith)

32. GHP incorporates by this reference the allegations set forth in paragraphs 1 through 30 as if set forth *verbatim*.

33. GHP is a "first-party claimant" within the meaning of C.R.S. §§ 10-3-1115 and 10-3-1116.

34. Travelers has acted unreasonably in denying or delaying a claim for benefits by GHP under the Policy with respect to the Claim.

35. GHP has suffered damages as a direct and proximate result of Travelers' negligence.

36. In addition to any other damages or relief available to GHP, GHP is entitled to recover damages in an amount prescribed by C.R.S. § 10-3-1116, in an amount to be proven at trial.

37. In addition to any other damages or relief available to GHP, GHP is entitled to recover its court costs and attorney fees as prescribed by C.R.S. § 10-3-1116.

WHEREFORE, GHP prays for relief as follows:

### FOURTH CLAIM FOR RELIEF
(Declaratory Judgment)

38. GHP incorporates by this reference the allegations set forth in paragraphs 1 through 36 as if set forth *verbatim*.

39. Pursuant to C.R.S. § 13-51-106, Colorado's Declaratory Judgment Relief Act, and C.R.C.P. 57, "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations

thereunder.

40. By its terms, the Declaratory Judgment Relief Act is intended to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered, and this Court has the power and obligation to declare rights, status and other legal relations of the parties whether or not further relief is or could be claimed, and even in advance of time when litigation might possibly arise or before repudiation of obligation, invasion of rights, or commission of wrongs has occurred.

41. The Declaratory Judgment Relief Act may be employed to determine the liability of an insurance company to its insured under a policy of insurance, arising from a specified occurrence.

42. The Policy at issue is a Builder's Risk policy, and insures GHP against certain covered risks associated with construction activities.

43. The Policy provides, in pertinent part, that Travelers will pay for direct physical loss of or damage to Covered Property from any of the Covered Causes of loss.

44. The Policy defines Covered Property as "Builders' Risk."

45. "Builders' Risk" means:

    Property described in the Declarations under "Builders' Risk" owned by you or for which you are legally liable consisting of:

    a. Buildings or structures including temporary structures while being constructed, erected or fabricated at the "job site";

    b. Property that will become part of the buildings or structures at the "job site";

        (1) While in transit to the "job site" or temporary storage location;

        (2) While at the "Job site" or temporary storage location.

46. "Builders' Risk" does not include:

    a. Contraband, or property in the course of illegal transit or trade;

    b. Buildings or structures that existed at the "job site" prior to the inception of this policy;

    c. Land (including land on which the property is located) or water.

47. The Policy also provides certain additional coverages including, *inter alia*, (1) "Builders' Risk" Site Preparation; (2) "Soft Costs;" and (3) "Business Income."

48. Losses incurred due to "Builders' Risk" Site Preparation are covered if:

> (1) The cost of excavation, site preparation, land grading and similar work is included in the "Basic Limit of Insurance" for the "job site" as shown in the Declarations; and

> (2) You incur expenses to re-excavate the site, re-prepare the site, re-grade the land, or re-perform similar work because of loss of or damage to Covered Property by a Covered Cause of Loss.

49. "Soft costs" during the "period of delay in completion" are covered if they result from loss of or damage to Covered Property from any of the Covered Causes of Loss which delays the completion of the "project" beyond the "planned completion date."

50. Reduction in "business income" is recoverable to the extent "business income" is actually reduced during the "period of delay in completion," provided it results from loss of or damage to Covered Property from any of the Covered Causes of Loss which delays completion of the "project" beyond the "planned completion date."

51. Travelers is liable to GHP under the terms of the Policy because the repairs GHP made at the Project result from damage to "Covered Property" by a "Covered Cause of Loss."

52. Travelers' denial of the claim is contrary to its duties and obligations to GHP under the terms of the Policy, and constitutes a breach thereof.

53. Because an actual controversy exists as to Travelers' liability to GHP under the terms of the Policy, declaration of the parties' respective rights and obligations thereunder with regard to Plaintiffs' pursuit of its claims and claimed damages as set forth elsewhere in this *Complaint and Jury Demand*, depends on the Court's answers to these questions and is proper.

**WHEREFORE, GHP prays for judgment as follows:**

a. For a declaratory judgment of this Court fixing and determining the rights and obligations of the parties;

b. For judgment in favor of GHP and against Travelers on GHP's claims, in an amount to be proven at trial;

c. For a judgment in favor of GHP and against Travelers for statutory damages pursuant to C.R.S. § 10-3-1116;

d. For judgment against Travelers for moratory interest;

e. For an award against Travelers for GHP's costs and expenses;

f. For an award against Travelers for GHP's attorney's fees;

g. For an award against Travelers for pre-judgment and post-judgment interest as provided by contract or statute;

h. For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY OF SIX (6) ON ALL CLAIMS SO TRIABLE**

Dated this 10th day of April, 2014.

Respectfully submitted,

HOLLEY, ALBERTSON & POLK, P.C.

s/ Dennis B. Polk
Dennis B. Polk, #8777
Heather S. Hodgson, #33183
Attorneys for Plaintiff
1667 Cole Boulevard, Suite 100
Golden, Colorado 80401
Telephone: 233-7838

Plaintiff's address:

5995 Greenwood Plaza Blvd., Suite 100
Greenwood Village, CO 80111-4710

*A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*