IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01642-PAB-KLM

GERALD H. PHIPPS, INC. d/b/a GH PHIPPS CONSTRUCTION COMPANY,
a Colorado corporation,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
a Connecticut corporation,

Defendant.

### PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated as "CONFIDENTIAL" shall be information that implicates proprietary and privacy interests; including without limitation pricing information, any sensitive business or financial information, contractual obligations, and information that

is protected by statutory or common law privilege. Once designated, CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. CONFIDENTIAL information shall not be shared or disclosed outside the confines of the case or the parties listed in Section 5 below.

4. Any information designated as CONFIDENTIAL must first be reviewed by an attorney who will certify that the designation is based on a good faith belief that the information is entitled to such protection.

5. CONFIDENTIAL documents, materials, testimony, and/or information (collectively, "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of this Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h)   other persons by written agreement of the parties.

6.   Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.   Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.   A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make [strikethrough: file] an   *KLM*


appropriate motion [pursuant to MJ Mix's discovery procedures] requesting that this Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangement is agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide the producing party with a written confirmation of their destruction.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12. This Protective Order may be modified by this Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

Dated this 12th day of May, 2015.

BY THE COURT:

_____

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO