IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01642-PAB-KLM

GERALD H. PHIPPS, INC. d/b/a GH Phipps Construction Company, a Colorado
corporation,

     Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut
corporation,

     Defendant.

---

**ORDER**

---

     This matter is before the Court on the Motion for Summary Judgment on

Plaintiff's Third Claim for Relief [Docket No. 28] filed by defendant Travelers Property

Casualty Company of America ("Travelers").  The Court has jurisdiction pursuant to 28

U.S.C. § 1332.

**I.  BACKGROUND**[1]

     This case involves insurance coverage under a Builder's Risk Policy (the "policy")

that Travelers issued to plaintiff Gerald H. Phipps, Inc., a construction company, for the

period from October 1, 2011 to October 11, 2012.  Docket No. 28 at 2, Statement of

Undisputed Material Fact ("SUMF") 1.  On about April 17, 2012, plaintiff submitted a

claim to Travelers under the policy for a loss resulting from weather-related damage to

---

[1]The following facts are undisputed unless otherwise indicated.

stairwells and elevator shafts in a building at the University of Denver. *Id.* SUMF 2.[2]

Travelers denied plaintiff's claim via a letter dated April 23, 2012 on the grounds that "the damage was only to the existing building and not to [plaintiff's] work" and was not, therefore, covered under the policy. *Id.* SUMF 3-4.  On February 1, 2013, Kurt Klanerud, plaintiff's president, sent Travelers a letter disputing Travelers' denial of coverage. *Id.* at 3, SUMF 5.  Mr. Klanerud's letter stated that Travelers' position "is contrary to the plain language" of the policy and that "Travelers has failed to properly consider all of the pertinent information concerning the work performed in the stairwells." *Id.* SUMF 5-6, 9.  Mr. Klanerud claimed that plaintiff was performing work at the site at the time the damage occurred and asked Travelers to reconsider its denial of plaintiff's claim. *Id.*  Travelers responded to Mr. Klanerud's letter on February 15, 2013, stating that Mr. Klanerud's letter did not change its position. *Id.* at 4, SUMF 11.  Plaintiff initiated this action on April 10, 2014. *Id.* SUMF 12.  Plaintiff brings claims for breach of contract, common law insurance bad faith, statutory insurance bad faith, and declaratory judgment.

Travelers moves for summary judgment on plaintiff's statutory insurance bad faith claim on the grounds that Colorado's insurance bad faith law, Colo. Rev. Stat. § 10-3-1115, is a "penalty statute" and thus subject to a one-year statute of limitations. *See* Docket No. 28.  Travelers argues that plaintiff's third claim was filed more than one year after plaintiff knew of its claim and therefore is barred.

_____

[2]Travelers characterizes the damage as having occurred "at an existing structure," a characterization that plaintiff disputes. *See* Docket No. 36 at 3, Response to SUMF 2.

## II. ANALYSIS

Under Colorado law, a civil action for "any penalty or forfeiture of any penal statutes" must be brought within one year after the cause of action accrues. Colo. Rev. Stat. § 13-80-103(d). Plaintiff does not dispute that, if the one-year statute of limitations applies, its third claim is untimely. *See generally* Docket No. 36. Thus, the only question for the Court to decide is whether plaintiff's statutory bad faith claim involves a claim for a "penalty" as opposed to a claim for actual damages. "A civil penalty is a statutory penalty imposed against an offender for doing some act which is prohibited or for failing to do an act which is required to be done." *Travelers Indem. Co. of Ill. v. Mid-Century Ins. Co.*, 961 P.2d 509, 510 (Colo. App. 1997), *rev'd on other grounds by Mid-Century Ins. Co. v. Travelers Indem. Co. of Ill.*, 982 P.2d 310 (Colo. 1999). A statutory claim is a claim for a "penalty" for statute of limitations purposes if "(1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages." *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008) (citation omitted).

Plaintiff does not disagree that the first or third elements of the *Kruse* test are satisfied. Colorado's statutory insurance bad faith law creates a new and distinct cause of action. *See* Colo. Rev. Stat. § 10-3-1116(4) ("The action authorized in this section is in addition to, and does not limit or affect, other actions available by statute or common law, now or in the future."). Regarding the third *Kruse* element, this Court has previously held that Colo. Rev. Stat. § 10-3-1116(1)'s provision for remedies including "two times the covered benefit" is in addition to any amount of contract damages that a

claimant can recover and does not incorporate those damages.  *See Etherton v. Owners Ins. Co.*, No. 10-cv-00892-PAB-KLM, 2013 WL 5443068, at *2 (D. Colo. Sept. 30, 2013).  Thus, the first and third *Kruse* elements are satisfied.

The lone remaining question is whether a claim pursuant to Colo. Rev. Stat. § 10-3-1116 allows recovery without proof of actual damages.  Plaintiff argues that the title of Section 10-3-1116, "Remedies for Unreasonable Delay or Denial of Benefits," establishes that the statute provides a "remedy" rather than a civil penalty.  Docket No. 36 at 9.  Travelers responds that the legislative history – most notably the title of the bill that codified the statutory bad faith claim, "An Act Concerning Strengthening Penalties for the Unreasonable Conduct of an Insurance Carrier" – confirms that the legislature intended to impose a penalty, that section headings are not dispositive of legislative intent, and that the use of the term "remedy" does not preclude a finding that the statute imposes a penalty.  *See* Docket No. 37 at 3-4.  The Court agrees with Travelers that the terms "penalty" and "remedy" are not mutually exclusive.  Plaintiff's argument, taken to its logical conclusion, suggests that no civil statutory remedy can be characterized as a civil penalty unless it uses the word "penalty."  This interpretation is inconsistent with Colorado law.  For example, in *Giampapa v. Am. Family Mut. Ins. Co.*, 64 P.3d 230, 238 (Colo. 2003), the Colorado Supreme Court interpreted a since-repealed statute, Colo. Rev. Stat. § 10-4-708(1.8), that provided a remedy of "three times the amount of unpaid benefits recovered" in an action for bad faith breach of insurance contract.  The court noted that the treble damages provision functions "as a statutory penalty or an enforcement mechanism."  *Id.*  Thus, the omission of the word "penalty" from Section

10-3-1116 does not preclude a finding that the statute imposes a civil penalty.

Plaintiff argues that the statutory bad faith claim is not a penalty because, in part of the Colorado Health Care Coverage Act, Colo. Rev. Stat. § 10-16-106.5(5)(b), the legislature used the term "penalty" in describing the amount to be paid for any health insurance claim that is not paid, denied, or settled within 90 days after it was submitted. *See* Docket No. 36 at 11.  But as discussed above, a statute need not use the word "penalty" in order to impose a penalty.

Finally, plaintiff argues that Section 10-3-1116 fails the second *Kruse* element because it requires proof of actual damages – namely, the amount of a covered benefit. *See* Docket No. 36 at 12-15.  The Court disagrees.  "Section 1116 . . . explicitly contemplates and countenances that an insured may simultaneously bring a breach of contract claim to recover certain benefits he was denied and a section 1116 claim for double those benefits *if* they were *unreasonably* denied[.]"  *Rabin v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1111-12 (D. Colo. 2012).  The nature of the remedy for unreasonable denial or delay of payment, namely, two times the covered benefit (in addition to any contractual damages that may be owed), reflects the imposition of a penalty rather than compensation for actual damages.  *See Etherton*, 2013 WL 5443068, at *3 (noting that Section 1116(1) "does not incorporate the amount of contract damages into the amount plaintiff can recover, but rather uses the covered benefit as a unit for measuring the amount of the penalty"); *Flowers v. Life Ins. Co. of North Am.*, 781 F. Supp. 2d 1127, 1132 (D. Colo. 2011) (describing the insurance bad faith statute as creating a "civil penalty remedy" that "does not affect the substantive

terms or content of insurance policies").  The fact that Section 10-3-1116 does not

depend upon a finding of "actual damages" is illustrated by a plaintiff's ability to recover

twice the covered benefit even if the insurer pays the benefit in full.  Section 10-3-

1116(1) allows recovery for a claim that was "unreasonably delayed or denied."

*Hernandez v. Am. Standard Ins. Co. of Wisc.*, No. 11-cv-03076-RBJ, 2013 WL

6633392, at *4 (D. Colo. Dec. 16, 2013) (insured may "recover two times the 'covered

benefit' even if the benefit was unreasonably delayed but not denied.").  Thus, although

a plaintiff in a statutory bad faith claim who claims delay must prove the amount of the

covered benefit, there is no need that plaintiff prove that he or she suffered actual

damages.  As the Colorado Court of Appeals held in *Hansen v. Am. Family Mut. Ins.

Co.*, there is no requirement in either Section 10-3-1115 or Section 1116 that the

insured "suffer and prove damages attributable to any unreasonable delay or denial in

the payment of the covered benefit."  --- P.3d ----, 2013 WL 6673066, at *9 (Colo. App.

2013), *cert. granted*, *Am. Family Mut. Ins. Co. v. Hansen*, 2014 WL 5510047 (Colo.

Nov. 3, 2014).[3]

In sum, the Court finds that Section 10-3-1116(1) satisfies all three elements of

---

[3]In a filing titled a "Supplement" to its response, plaintiff cites to an order of the District Court for San Miguel County, Colorado, in *D. Gerber Constr., Inc. v. Continental Divide Ins. Co.*, Case No. 13-cv-30039 (Dist. Ct. San Miguel County, Colorado Feb. 2, 2015), in which the court held that the "covered benefit" constitutes actual damages. As a result, the *Gerber* court held that, because a plaintiff must prove the amount of the covered benefit, a statutory bad faith action does not satisfy the second element of the *Kruse* test and is not subject to a one-year statute of limitations.  Docket No. 42-4 at 2-3.  The Court respectfully disagrees with the *Gerber* court.  The "covered benefit" is not necessarily a measure of actual damages.  If it were, then a claimant would not be entitled to bring a statutory bad faith claim based solely on unreasonable delay.  As discussed in this Order, such an interpretation is at odds with the plain language of Section 10-3-1116(1).

the *Kruse* test and is thus properly characterized as a statutory penalty. *See Hernandez*, 2013 WL 6633392, at *3-*4 (applying the *Kruse* test and holding that claims under Colo. Rev. Stat. §§ 10-3-1115-1116 are penalties and therefore unassignable). As such, plaintiff's statutory insurance bad faith claim is subject to a one-year statute of limitations and, pursuant to Colo. Rev. Stat. § 13-80-103(1)(d), is therefore time-barred.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Travelers Property Casualty Company of America's Motion for Summary Judgment on Plaintiff's Third Claim for Relief [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that plaintiff Gerald H. Phipps, Inc.'s third claim for relief is dismissed with prejudice.

DATED August 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge